# IN THE COURT OF APPEALS OF IOWA

No. 17-0366
Filed May 2, 2018

**MICHAEL JON WINTERS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

Michael Jon Winters appeals the denial of his third application for postconviction relief. **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Michael Jon Winters, carrying a long gun with a scope, broke into the home of a woman, told her she had to leave the house with him, removed her cell phone so she could not "call the law," and forced her to drive into the country. He admitted to these acts during a police interview. He pled guilty to second-degree kidnapping.

Winters filed a direct appeal, which was dismissed as frivolous, and two postconviction relief applications, which were also resolved against him. *See Winters v. State*, No. 12-2011, 2014 WL 6721112, at *1 (Iowa Ct. App. Nov. 26, 2014). In his third postconviction relief application, he alleged in part that his plea attorney was ineffective (1) in failing to inform him "he did not have an absolute right to withdraw his guilty plea" and (2) in failing to investigate the woman's criminal history. He also claimed his prior postconviction attorney was ineffective in failing to raise these claims. Following a hearing, the postconviction court denied the application. Winters appealed.

**I. Ineffective Assistance – Failure to Inform of Absolute Right to Withdraw Guilty Plea**

Iowa Rule of Criminal Procedure 2.8(2)(b) requires a district court to address a defendant personally about several aspects of a plea and sentence. Rule 2.8(2)(d) states, "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

The district court complied with both parts of the rule, and Winters does not argue otherwise. He also acknowledges his attorney informed him of the obligation to file a motion in arrest of judgment if he believed the district court "screwed up" and that failure to file the motion would prevent him from "contest[ing] the validity of the plea on appeal." In Winters' view, his plea attorney also should have advised him he would be unable to withdraw his plea "if he later had 'buyer's remorse.'"

Rule 2.8 does not require the district court to provide this type of advice, nor has Winters cited any authority requiring his attorney to provide this type of advice. Notably, Winters raised no concern about his plea before it was entered. To the contrary, he admitted the advice his attorney gave him was fine, his appearance at the plea proceeding was voluntary, and the elements of the offense were satisfied. Although he later filed a motion in arrest of judgment claiming deposition testimony changed his view of the case, he conceded the deposition was taken before he entered the plea. In denying the motion, the district court reiterated that the guilty plea was entered voluntarily with "a full understanding" of what was discussed.

Winters' attorney more than fulfilled her duty to properly inform Winters of the purposes and consequences of a motion in arrest of judgment. On our de novo review, we conclude she did not breach an essential duty in failing to further inform him of the inability to withdraw the plea based on buyer's remorse. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring proof of (1) deficient performance and (2) prejudice).

We affirm the district court's denial of this ineffective-assistance-of-counsel claim.

## II.     Ineffective Assistance – Failure to Investigate Woman's Criminal History

Winters next claims his plea attorney "failed to adequately investigate" the woman's criminal background and he would not have pled guilty had he known about her criminal history.  The postconviction court decided this claim on prejudice grounds, reasoning as follows:

> [Trial counsel] was confident in her analysis of how to address J.N.'s credibility, and even assuming that she was not, there is no prejudice that results.  Any information about the [woman's] theft conviction . . . would be just a very, very small part of the total picture.  Given Mr. Winters' huge admissions, there was very little that defense counsel could do.

On our de novo review, we agree with this reasoning.  Although Winters expressed a belief that he would have gone to trial had he known of the woman's criminal history, a claimant is obligated to "proffer more than his or her own subjective, self-serving testimony" to satisfy the prejudice prong of the *Strickland* test.  *See Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015) (addressing assertion that claimant would have accepted plea offer with competent advice).  In light of Winters' admissions to police and the consistency of the admissions with the woman's narrative, there is no reasonable probability that, had Winters' attorney discovered the woman's criminal history, Winters would have insisted on going to trial.  *See State v. Weitzel*, 905 N.W.2d 397, 402 (Iowa 2017) (setting forth prejudice test in the plea context).  We affirm the district court's denial of this ineffective-assistance-of-counsel claim.

### *III.*     *Ineffectiveness of Postconviction Relief Counsel*

Because the ineffective-assistance-of-plea-counsel claims fail, postconviction counsel was not ineffective in failing to raise those claims.

**AFFIRMED.**